## In re Anonymous No. 14 D.B. 84

Disciplinary Board Docket no. 14 D.B. 84.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

McGINLEY, *Member,* March 9, 1988—Pursuant to Rule 218(c)(5), Pa.R.D.E., the disciplinary board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above captioned petition for reinstatement.

### HISTORY OF PROCEEDINGS

Petitioner voluntarily assumed inactive status on January 1, 1973, in accordance with Rule 219 Pa.R.D.E. In the latter part of 1981, petitioner allegedly engaged in the unauthorized practice of law on two occasions and also filed a petition for reinstatement. In early 1982, petitioner withdrew the petition for reinstatement and once again allegedly engaged in the unauthorized practice of law.

As a result, allegations of professional misconduct were brought against petitioner by the office of disciplinary counsel. Petitioner, through counsel, asserted that he was suffering from a disabling condition that made it impossible for him to prepare an adequate defense to the allegations of professional

misconduct. Subsequently, on March 15, 1984, the Supreme Court of Pennsylvania issued an order transferring petitioner from voluntary inactive status to inactive status pursuant to Rule 301(e), Pa.R.D.E., relating to disabled attorneys.

Petitioner filed the current petition for reinstatement on July 8, 1985. The matter was referred to Hearing Committee [ ]. Following a hearing regarding this matter, the hearing committee filed a report on May 21, 1986. In that report the hearing committee concluded that petitioner's illness had improved and that petitioner could resume the practice of law subject to eight recommended conditions. The conditions called for the continued psychiatric treatment of petitioner and the updating of his legal education.

Disciplinary counsel filed a brief on exceptions to report of Hearing Committee [ ]. Disciplinary counsel argued that petitioner had not met the burden of proof set forth in rule 301(h) Pa.R.D.E.

Petitioner filed a brief opposing disciplinary counsel's brief on exceptions arguing that the findings of the hearing committee were supported by clear and convincing evidence. Petitioner argued further that he possessed the moral qualifications and competency and learning in the law required for admission to practice law.

Following oral argument before a three-member panel of the board, the board issued an order on September 4, 1986 reopening the record and remanding the matter to Hearing Committee [ ]. The order directed the hearing committee to receive additional evidence on the mental capacity of petitioner and to consider the recommendation that petitioner consult with a psychiatrist on a continuing basis in light of the fact that the record indicated he was not under the care of a psychiatrist. The board

also requested an independent psychiatric evaluation by Dr. [A].

A second hearing was held by Hearing Committee [    ] on February 11, 1987. Dr. [B] again testified on behalf of petitioner at this hearing, as he had done at the prior hearing. Dr. [A] also testified at this hearing. The hearing committee filed a second report on April 23, 1987, recommending immediate and unconditional reinstatement of petitioner.

Disciplinary counsel once again filed a brief on exceptions and that brief was followed by petitioner's brief opposing the brief on exceptions. Disciplinary counsel again argued that petitioner had not met the burden of showing by clear and convincing evidence that his disability had been removed and that he was fit to resume the practice of law, as required by Rule 301(h) Pa.R.D.E. Disciplinary counsel asserted that the opinions of each doctor should have been viewed in light of all of the medical evidence presented throughout these proceedings. Petitioner argued that he had met the burden of proof of Rule 301(h) Pa.R.D.E. based upon the opinion of Dr. [B] and petitioner's conduct during the proceedings.

On July 23, 1987 the disciplinary board issued an order reopening the record and remanding this matter to Hearing Committee [    ] to give petitioner sixty days to submit a treatment plan, as recommended by Dr. [A].

A hearing was held on October 14, 1987 at which time petitioner presented a treatment plan to Hearing Committee [    ]. The treatment plan was outlined by Dr. [C]. The hearing committee filed a third report on November 20, 1987, recommending that petitioner be immediately returned to active status subject to conditions. The first condition was that petitioner consult with his psychiatrist a minimum

of once every three months for a period of not less than one year. The second condition provided that the first condition would be terminated if, after one year, Dr. [C] reports that petitioner remains symptom free. The second condition provided further that the first condition would remain in effect until Dr. [C] issues a discharge report, if the first condition were not met after one year.

Disciplinary counsel filed a letter brief on exceptions to the hearing committee report and petitioner followed suit by filing a letter brief in support of the recommendation of Hearing Committee [ ]. Disciplinary counsel argued that petitioner's exhibit containing the treatment plan was not properly admitted as evidence because Dr. [C] was not made available for cross examination. Counsel argued further that conditional reinstatement is unworkable and that the conditions indicate that there are significant doubts about petitioner's fitness or competency to resume the practice of law. Petitioner argued that his exhibit was admitted to prove that the statement was made rather than to prove the truth or falsity of the statement. Petitioner argued further that his reinstatement should be unconditional, disposing of the argument that conditions would be impracticable.

This matter and the foregoing arguments were carefully considered by the disciplinary board at its January 15, 1988 meeting.

## FINDINGS OF FACT

(1) Petitioner was born on March 30, 1929, in [ ]. He presently resides at [ ].

(2) Petitioner graduated from the University of [ ] with an A.B. Degree in 1950. He then went to the University of [ ] School of Law where he graduated in 1954.

(3) Petitioner was admitted to practice before the Supreme Court of Pennsylvania on March 14, 1955.

(4) From January 1955 to November 1958, petitioner was engaged in the private practice of law in [ ] County, Pennsylvania.

(5) From November 1958 to June 1961, petitioner was employed by the federal government as a field attorney for the [D] Board in [ ], Pennsylvania.

(6) From June 1961 to June 1962, petitioner assisted his mother in the operation of a family business.

(7) From June 1962 to April 1965, petitioner again engaged in the private practice of law.

(8) From April 1965 to October 1967, petitioner was employed by the federal government as an attorney advisor for the [E], in [ ], Pennsylvania.

(9) From October 1967 to October 1969, petitioner was employed by the federal government as a legal advisor in the [F] in [ ], Pennsylvania.

(10) Commencing in 1969 the petitioner, following his resignation from the [F], became essentially unemployed because of consistent and recurring bouts of mental depression.

(11) From 1969 to the present the petitioner has maintained some income as a private investor and by helping in the settlement of his mother's estate. He had brief periods of employment as a claims clerk for the state and as a delicatessen clerk.

(12) Petitioner's mental illness necessitated both inpatient and outpatient treatment by psychiatrists through February of 1984. During this time petitioner was diagnosed as suffering from manic-depressive illness, psychotic in nature, and/or schizo-affective disorder.

(13) During petitioner's period of treatment he received chemotherapy, psychotherapy and electro-shock therapy.

(14) In January 1973, petitioner, realizing that he was no longer able to practice law, voluntarily transferred to inactive status.

(15) From January 1973 until September 1981, petitioner did not engage in any practice of law.

(16) Petitioner filed a petition for reinstatement with the disciplinary board on November 12, 1981, but based upon the advice of his psychiatrist, the late Dr. [G], petitioner withdrew his petition in April 1982.

(17) In September 1981 and May 1982, petitioner was alleged to have engaged in the unauthorized practice of law.

(18) By letter dated December 20, 1983, petitioner was warned by the office of disciplinary counsel of the allegations of unauthorized law practice.

(19) On February 13, 1984, a consent order was entered prohibiting petitioner from any further practice of law until reinstatement by the disciplinary board.

(20) Petitioner candidly admitted each instance of unauthorized practice.

(21) A report was submitted by Dr. [G], dated February 20, 1984, characterizing petitioner's disability as "schizo-affective disorder" and the report at that time was a clear indication that petitioner was still not able to engage in the practice of law.

(22) Based on Dr. [G's] opinion the Pennsylvania Supreme Court ordered on March 15, 1984, petitioner's transfer from voluntary inactive status to disability inactive status pursuant to Rule 301(e) Pa.R.D.E.

(23) On June 17, 1985, petitioner served as a member of a Board of [H] which board was to be

filled by members of the [ ] County Bar Association after being notified by that association of his appointment.

(24) On July 8, 1985, petitioner filed a petition for reinstatement which has resulted in a hearing and this determination.

(25) As of October 23, 1985, Dr. [B] concluded that petitioner does not show features of mental disorder, but rather a possible personality disorder. Dr. [B] feels that petitioner may engage in the practice of law as does Dr. [C].

(26) Petitioner has attended six legal seminars commencing November 12, 1985.

(27) Petitioner presented clear and convincing condition/character witnesses, namely [I], an attorney and [ ] of the [ ] of the Commonwealth of Pennsylvania; [J], Esq., a member of the bar of the Supreme Court of Pennsylvania and, through deposition testimony, Judge [K], a distinguished member of the Commonwealth Court of Pennsylvania.

(28) Petitioner's reputation for integrity, morality and honesty is excellent.

(29) It is believed by all three of petitioner's condition/character witnesses that it would be in the best interests of the profession they serve to grant petitioner's request for reinstatement.

(30) Petitioner is able to identify his illness, to recognize it and to reflect upon it.

## DISCUSSION

Rule 301 provides that when petitioning for reinstatement a formerly admitted attorney transferred to inactive status because of a disability shall bear the burden of "showing by clear and convincing evidence that the formerly admitted attorney's disability has been removed and such person is fit to

resume the practice of law." Rule 301(b) Pa.R.D.E. The record in the matter at hand contains much evidence regarding petitioner's past and present condition as well as the prospects for the future condition of petitioner. Based upon that evidence the board believes that petitioner has met the burden placed upon him by rule 301, subject, however, to certain conditions.

The board-appointed psychiatrist, Dr. [A], reported to the board regarding his evaluation of petitioner as well as background information relating to the type of disorder suffered by petitioner. In his report, Dr. [A] indicated that petitioner suffers from a bipolar disorder, which is characterized by periods of depression, periods of feeling too good, and periods of remission. Dr. [A] stated that this type of disorder is likely to recur and that petitioner would probably "always need some kind of maintenance psychiatric therapy as directed by a qualified psychiatrist for the long term."

Dr. [A] stated, however, that petitioner's disorder can be controlled by proper treatment. In his report to the board Dr. [A] wrote:

"As one studies the evolution of this illness one can see the pattern emerge of feeling bad and seeking treatment in the depressed phase, and feeling good (really too good or hypomanic) and refusing treatment in the manic phase. Treatment in the depression restores [petitioner] to relative normality (a remission) whereas lack of treatment permits him to get into trouble, . . .

"It now becomes clear that this roller coaster course can only be moderated by interventions for treatment in both high and low periods, . . ."

There is ample evidence on the record confirming that petitioner is fit to practice law. Dr. [B] testified that he found no characteristics of the disorder

which petitioner had earlier suffered. Dr. [C] reports that petitioner may practice. Three character witnesses testified on behalf of petitioner at the first reinstatement hearing, stating that they observed positive changes in petitioner's character. Furthermore, petitioner represented himself adequately throughout the reinstatement proceedings.

Nevertheless, the board is satisfied that petitioner may practice law so long as he continues the psychiatric treatment necessary to remain in remission.

Petitioner's fitness to practice may depend upon continued psychiatric treatment. Petitioner has expressed a willingness to continue to follow with Dr. [C]. But as long as petitioner visits his psychiatrist, Dr. [C], the psychiatrist will be able to diagnose when petitioner is in danger and be able to provide appropriate treatment. The disciplinary board and the hearing committee believe petitioner should be admitted to practice. However, proof of continuing treatment is necessary.

## RECOMMENDATION

In light of the foregoing discussion, the disciplinary board recommends that petitioner be reinstated subject to the following conditions:

(1) that petitioner make visits to Dr. [C] quarterly or such other intervals as Dr. [C] determines; and

(2) that petitioner furnish to the Office of the Secretary and the District [ ] Office of Disciplinary Counsel, a copy of a receipt indicating that he has paid the fee for the quarterly doctor's visit.

The disciplinary board recommends further that, pursuant to rule 218(e), Pa.R.D.E., the necessary expenses incurred in the investigation and processing of this petition for reinstatement be paid by petitioner.

## ORDER

And now, July 15, 1988, upon consideration of the report and recommendations of the disciplinary board dated March 9, 1988, the petition for reinstatement is granted.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.